**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **COREY MARNEL BRAXTON, ET AL.** | § | |
| | § | |
| **V.** | § | **No. 5:23CV18-RWS-JBB** |
| | § | |
| **KLLM TRANSPORT SERVICES, INC.** | § | |
| **formerly known as QUEST GLOBAL** | § | |
| **INC., et al.** | § | |

---

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

---

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. The Court recommends the above-entitled and numbered cause of action be dismissed without prejudice.

On February 23, 2023, Corey Marnel Braxton and Nephritiri Braxton ("Plaintiffs"), proceeding *pro se*, filed a form Complaint Under Tittle VII of the Civil Rights Act of 1964 against KLLM Transport, Inc. Services formerly known as Quest Global Inc. ("Quest"). Plaintiffs paid the filing fee the next day. On March 20, 2023, Plaintiffs filed an amended complaint against Quest and three additional defendants: Schneider, USXPress/Variant, and Covenant Transport. However, no exhibits were attached to this pleading. Nor was the address of each defendant clear from the information provided on the amended complaint.

By Order dated April 5, 2023, the Court advised Plaintiffs that it was their responsibility to file any additional documents that may relate to the allegations against the additional defendants[1] and to find the correct and complete address for each defendant. Dkt. No. 6 at 2. The Court further

---

[1] In the April 5, 2023 Order, the Court directed the Clerk of the Court to attach to the amended complaint the two EEOC notices regarding Quest attached to the original complaint. Dkt. No. 6.

ordered Plaintiffs to provide to the Court, within twenty (20) days from the date of entry of the Order, the correct and complete addresses for (1) KLLM Transport, Inc. Services formerly known as Quest Global Inc.; (2) Schneider; (3) USXPress/Variant; and (4) Covenant Transport. *Id.* (further advising that based on the information provided to the Court by Plaintiffs, the Clerk of the Court would then issue the summonses to Plaintiffs so that they can serve the defendants in accordance with FED. R. CIV. P. 4). Plaintiffs were advised that failure to provide the correct addresses for service of process within the time prescribed might result in a dismissal of Plaintiffs' cause of action without prejudice. *Id*. at 3.

Despite receiving the above order on April 29, 2023 (Dkt. No. 8), Plaintiffs failed to provide the correct addresses for service of process as directed. Accordingly, the Court entered an order dated May 30, 2023, advising Plaintiffs they would be provided one last opportunity in which to provide the correct addresses for service of process and advising failure to provide the correct addresses for service of process within the time prescribed would result in Plaintiffs being required to show good cause why their above-referenced cause of action should not be dismissed without prejudice. Dkt. No. 9.

Plaintiffs acknowledged receipt of the May 30 Order on June 16, 2023. Dkt. Nos. 10, 11. As of this date, Plaintiffs have failed to provide the Court the correct and complete addresses for (1) KLLM Transport, Inc. Services formerly known as Quest Global Inc.; (2) Schneider; (3) USXPress/Variant; and (4) Covenant Transport so that the Clerk of the Court could issue the summonses to Plaintiffs for service of process in accordance with FED. R. CIV. P. 4. Plaintiffs' original complaint was filed February 23, 2023, and Plaintiffs' amended complaint was filed March 20, 2023. More than ninety days have passed from the filing of both complaints, and Defendants

have not yet been served.

Rule 4 of the Federal Rules of Civil Procedure provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Additionally, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *see also* FED. R. CIV. P. 41(b). The undersigned recommends the Court dismiss Plaintiffs' above lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and for failure to prosecute or to comply with an order of the Court.

Accordingly, it is

**RECOMMENDED** that Plaintiffs' above-referenced cause of action be **DISMISSED WITHOUT PREJUDICE.**

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to

factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 17th day of July, 2023.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE